**Opinion filed July 25, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00369-CV

_____

## IN THE INTEREST OF B.S., A CHILD

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 48,049**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment terminating the parental rights of B.S.'s father.[1]  The Texas Department of Family and Protective Services (Department) removed B.S. from his parents' care in June 2008 when he was two days old.  The father's parental rights were terminated in December 2012 after a jury found that grounds for termination had been proved by clear and convincing evidence.  We affirm.

B.S.'s father presents nine issues for review.  In the first three issues, he challenges the standing of Appellees, the foster parents, to seek termination of his

---

[1]We note that the mother voluntarily relinquished her parental rights to B.S., and she is not a party to this appeal.

parental rights. In the remaining six issues, the father challenges the trial court's denial of his motion for directed verdict.

The father asserts in his first, second, and third issues that Appellees lacked standing under Section 102.003(a)(12) of the Texas Family Code, could not claim "automatic standing" under Section 102.003(b), and could not claim standing under Section 102.004. TEX. FAM. CODE ANN. § 102.003(a)(12), (b) (West Supp. 2012), § 102.004 (West 2008). The Family Code authorizes the foster parent of a child placed by the Department in the foster parent's home "for at least 12 months ending not more than 90 days preceding the date of the filing of the petition" to file an original suit affecting the parent-child relationship. *Id.* § 102.003(a)(12). With respect to the second and third issues, we note that Section 102.003(b) merely provides that the time necessary for standing under Section 102.003(a)(9), (11), and (12) need not be continuous and that Section 102.004 relates to the standing of grandparents and others to file a suit requesting to be appointed conservators of a child.

The record in this case shows that B.S. had been placed by the Department in Appellees' home in July 2008 when B.S. was three weeks old, that Appellees were his foster parents, and that B.S. remained in Appellees' home on December 18, 2009, when they filed their third amended renewed petition for termination and adoption of B.S. When Appellees filed that petition, B.S. had been in their home for almost seventeen months. Appellees met the requirements for standing set out in Section 102.003(a)(12).

Additionally, the Family Code authorizes the filing of an original suit requesting termination of the parent-child relationship joined with a petition for adoption by an adult who has had actual possession and control of a child for not less than two months during the three-month period preceding the filing of the petition. FAM. § 102.005 (West Supp. 2012). Appellees had had possession and

control of B.S. for the requisite time period when they filed their petition for termination and adoption. We hold that Appellees had standing under either Section 102.003(a)(12) or Section 102.005. The father's first, second, and third issues are overruled.

In his next six issues, the father asserts that the trial court erred in denying his motion for directed verdict. A directed verdict in favor of a defendant is appropriate when the plaintiff does not present evidence to raise a fact issue that is essential to the plaintiff's right of recovery. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). In his fourth, fifth, sixth, seventh, eighth, and ninth issues, the father argues that Appellees failed to present evidence to support termination under TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (K), (N), (P), and (O) (West Supp. 2012), respectively, and that these issues should not have been submitted to the jury. In these issues, the father challenges the legal sufficiency of the evidence.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the father does not challenge the finding regarding best interest.

We hold that Appellees presented evidence sufficient to support termination under Section 161.001(1)(O), which provides that termination may be based upon a parent's failure to comply with the provisions of a court order that specifically

established the actions necessary for him to obtain the return of the child who had been in the conservatorship of the Department for more than nine months and had been removed "under Chapter 262 for the abuse or neglect of the child." The record shows—and the father does not dispute—that B.S. had been in the conservatorship of the Department for more than nine months and that the father failed to comply with the provisions of a court order establishing the actions necessary for him to obtain the return of B.S. The father contends that Appellees failed to show that B.S. had been removed due to abuse or neglect. We disagree.

The record shows that B.S. was removed from his parents' care when he was two days old. On the day that B.S. was born, the Department received a referral alleging neglectful supervision. The Department's investigator, Bethany Jackson, went to the hospital where B.S. had been born to contact the parents. The mother appeared to have "pretty severe mental health issues"; she had recently been released from a mental health hospital. The mother did not respond to Jackson's questions. Jackson testified that she was also concerned about the father's mental health. Furthermore, the father could not provide any information regarding their family dynamics or their plan for B.S. when he was discharged from the hospital. The parents informed Jackson that they "did not have any baby items" and that B.S. "would not have a place to stay." The parents were not prepared to have a baby and were not sure how they were going to meet B.S.'s basic needs. The parents did not have any housing and were not forthcoming about where they had been living. B.S. was removed due to safety concerns because of the risk involved in him leaving the hospital with his parents under these circumstances.

The father relies upon the lack of evidence showing actual abuse or neglect of B.S. The Texas Supreme Court has recently rejected such a contention when it interpreted the "abuse or neglect" provision of Section 161.001(1)(O) in *In re E.C.R.*, No. 12-0744, 2013 WL 2660130 (Tex. June 14, 2013). The court

4

determined "that subsection O requires proof of abuse or neglect," but it held that, considering the use and meaning of those terms in context of the Family Code, "abuse or neglect" in subsection O can be read to include "risk." *E.C.R.*, 2013 WL 2660130, at *7. The *E.C.R.* court determined that the conduct described in Section 161.001(1)(O) was established as a matter of law under the circumstances in that case, which included no actual abuse or neglect of the child at issue but did include an immediate danger to the child's physical health or safety, a need to protect the child, and a substantial risk of a continuing danger if the child were returned home. *Id.* at *9.

The evidence presented in this case showed that B.S. was removed due to safety concerns and the substantial risk and continuing danger that would have resulted if he had been allowed to leave the hospital with his mother and father. Following *E.C.R.*, we hold that Appellees met their burden under Section 161.001(1)(O) to show that B.S. was removed due to abuse or neglect. There was clear and convincing evidence that the father failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child who had been in the conservatorship of the Department for more than nine months and had been removed due to abuse or neglect. The father's ninth issue is overruled. Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under the statute, we need not address the father's remaining issues. *See* TEX. R. APP. P. 47.1.

We affirm the judgment of the trial court.


July 25, 2013                                                    JIM R. WRIGHT

Panel consists of: Wright, C.J.,                                CHIEF JUSTICE
McCall, J., and Willson, J.

5